JOHN E. NAYLOR, DEFENDANT IN ERROR, v. FERDINAND O.
SMITH, BUILDER, AND ANDREW R. STEVENS, OWNER,
PLAINTIFFS IN ERROR.*

COLLINS, J. (dissenting).   It is not disputed, and seems
indisputable, that, under our revised "Act concerning set-
off" (*Gen. Stat.*, p. 3109), a legal demand against a plaintiff,
though held by assignment, may normally be set off in an
action at law brought against the assignee.   But an exception
is now declared in case the plaintiff avers that he has a lien
under the Mechanics' Lien act, as subsisting when this con-
troversy arose.   *Gen. Stat.*, p. 2063.   In other states where
there is a statute of set-off the courts have uniformly applied
it in a mechanics' lien suit without express provision to that
effect in the statute giving the lien.   15 *Am. & Eng. Encycl.
L.* 120; *Phil. Mech. L.*, § 423; *Bois. Mech. L.*, § 589.   Lead-
ing cases are *Crogan* v. *McMahon*, 4 *E. D. Sm.* 754; *Gable*
v. *Parry*, 13 *Pa. St.* 181.   Our Mechanics' Lien act is sup-
posed to be *sui generis*, and these decisions therefore not
helpful.   I find in it nothing to bar a set-off.   It may be
conceded that its general purpose is to provide for suit upon
a debt for which a lien exists; nevertheless, it is the court's
duty, on principle, to construe it in harmony with the com-
mon law and with statutes *in pari materia*.   The suit author-
ized is, as against the builder, an ordinary common law action.
Its character is not changed by engrafting on it a lien.   *Tom-
linson* v. *De Graw*, 2 *Dutcher* 73.   By express provision of
the act, in its nineteenth section, the declaration is framed
against the builder alone, the practice, proceedings and plead-
ings thereon are conducted and the judgment is entered as in
suits to recover money due on contract, and the defendants
have any defence or plea that might be had by the builder to
any action on the contract, without the act.   Whether the

* This dissenting opinion of Mr. Justice Collins, in this case, was received
by the Reporter too late for insertion in 34 *Vroom*. It should have followed
the opinion of Mr. Justice Garrison at page 599.—REP.

owner alone may plead the builder's set-off need not now be considered.    The right of the builder to do so rests securely on the act concerning set-off.    Both statutes were embraced in the general revision of 1874 and are clearly *in pari materia.* It has not been supposed, hitherto, that the *existence* of a lien was essential to jurisdiction.    The uniform practice at the Circuits has been to allow general judgment for more than the special judgment or when no lien at all was proved.

If the suit must be limited to a debt for which a lien exists or is claimed, that is no reason why a plaintiff should be protected against a set-off, for fear perchance that he may have other claims against the same debtor.    It often happens that the same person has several causes of action that cannot be joined in one suit.    But I will not concede the limitation. I see no technical objection to even joining in the suit distinct causes of action and framing the averment of lien according to the facts.    It is not necessary to go that far, but surely a partial lien under an indivisible cause of action is enforceable under the act.    The lien may be and often is less extensive than the debt sued for.    By the construction from which I dissent, a court may be put in the dilemma of refusing to enforce a lien or of permitting a plaintiff to split his cause of action.    Either course presents an insuperable difficulty. Suppose a case of a contract to furnish a builder with a given quantity of lumber, at a specified price per foot, to be used on different contracts of the builder, but not stating the quantity for each contract.    The vendor's cause of action is entire, yet, I assume, he has a lien on any building that comes within the provisions of the lien law, for the price of so much of the lumber as he can prove was used in that building.    A supplement to the original statute, now part of the revised act, provides for apportionment between buildings of a single claim, but I see no reason why, prior to that supplement, there might not have been maintained one suit upon an indivisible cause of action, with separate averments of lien against several buildings, based upon separate lien claims.    That procedure must have been upheld or the benefit of the act have been altogether denied in such a case.

Great injustice may result from the construction of the statute on which the present decision of this court depends. For example, an owner who has paid his builder in full may, upon a merely nominal indebtedness and despite the willingness of the builder to prevent it, be compelled to pay over again for work or materials furnished for his building, although there could be no recovery against the builder if sued alone. Again, unless by the logic of this decision, contrary to previous practice, the claim of indebtedness will be defeated by failure to establish a lien, a creditor who has furnished work or materials for a building may always recover therefor, without possibility of encountering set-off, by the simple expedient of claiming a lien, although by reason of due filing of the building contract, or otherwise, such lien may never have existed or may have been wholly or partially lost; and if the creditor be non-resident so that process cannot be served upon him, the debtor will not have even the poor substitute of a cross-action in the same jurisdiction. Only imperative necessity can justify a statutory construction leading to such results. There is ample room for a more liberal construction.

For these reasons, I vote to reverse the judgment of the Circuit Court, and I am authorized to say that Justices Dixon and Lippincott concur in this opinion.